Howard Marc Spector
TBA #00785023
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

**COUNSEL FOR KBI 2015 TX LP**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **KBI 2015 TX LP** | § | **CASE NO. 25-42973** |
| | § | |
| **DEBTOR.** | § | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER EXTENDING  THE
EXCLUSIVE  PERIOD  DURING  WHICH  ONLY  THE  DEBTOR
MAY SOLICIT ACCEPTANCES O F  CHAPTER 11 PLAN**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

KBI 2015 TX LP (the "**Debtor**") hereby submits this motion (this "**Motion**") for entry

of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), pursuant to

section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"**Bankruptcy Code**"), and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**") extending the exclusive period during which only the Debtor solicit

acceptances of its Chapter 11 plan from the current May 18, 2026 deadline to August 17, 2026.  In

support of the Motion, the Debtor respectfully states as follows:

1.      On October 3, 2025 (the "**Petition Date**"), the Debtor filed with the United States

Bankruptcy Court for the Eastern District of Texas (the "**Court**") a voluntary petition for relief

under the Bankruptcy Code. The Debtor continues to operate its business and manage its

properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No committee has been appointed.

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in

the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested

herein is section 1121 of the Bankruptcy Code.

3.      The Debtor previously requested, and the Court previously granted, the Debtor an

extension of the exclusivity deadline for the Debtor to file a plan.  The Debtor complied with the

extended deadline of April 15, 2026, and filed its disclosure statement shortly thereafter on May

1, 2026.  A hearing to consider approval of the proposed disclosure statement is scheduled for June

23, 2026.  If approved, the Debtor anticipates mailing the solicitation package within 1 week,

which would make the case ripe for confirmation in early August 2026.

4.      By this Motion, the Debtor requests entry of the Order extending the Debtor's

exclusive period to solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**")

from May 18, 2026 to August 17, 2026.

5.      Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days.  11 U.S.C. §§ 1121(b), (c).

6.      Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes) from the Petition Date.  11 U.S.C. § 1121(d).  Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case.  *See* H.R. Rep. No. 95-595 at 231; *see also First Am. Bank* v. *Sw. Gloves & Safety Equipment, Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion.").  This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with its creditors.  *See In re Spansion, Inc.*, 426 B.R. 114, 140-41 (Bankr. D. Del. 1991) ("The purpose of the exclusivity period is to provide a debtor . . . with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization.'") (internal quotation omitted).

7.      Courts often consider non-exclusive factors in determining whether "cause" exists to extend a debtor's exclusive periods, including:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
- the existence of good faith progress toward reorganization;
- the fact that the debtor is paying its bills as they come due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in its negotiations with creditors;
- the amount of time that has elapsed in the case;
- the size and complexity of the case;
- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and
- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting "objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters.*, 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2. 2005) (listing some of these factors in defining "cause").

8. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor had shown cause).

9. The Debtor has engaged financial professionals to assist with raising capital to fund a plan and/or operations who have assembled financial projections to support exit liquidity. These financial projections are contained in the proposed disclosure statement, as are the supporting assumptions. Additionally, the Debtor has recently obtained a significant reduction in its property tax liability which has enabled the Debtor to propose a more significant repayment plan for its secured creditors.

10. This is the Debtor's second motion to extend the Exclusive Solicitation Period.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: May 5, 2026.

Respectfully submitted,


By:      <u>*/s/ Howard Marc Spector*</u>
Howard Marc Spector
TBA #00785023

SPECTOR & COX, PLLC
Banner Place, Suite 850
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorcox.com

COUNSEL FOR KBI 2015 TX LP

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **KBI 2015 TX LP** | § | **CASE NO. 25-42973** |
| | § | |
| **DEBTOR.** | § | |

**ORDER EXTENDING THE EXCLUSIVE PERIOD DURING
WHICH ONLY THE DEBTOR MAY SOLICIT  ACCEPTANCES
OF CHAPTER 11 PLAN**

Upon the motion (the "**Motion**")[1] of KBI 2015 TX, LP debtor and debtor-in-possession

(the "**Debtor**") for entry of an order (this "**Order**") extending the Exclusive Solicitation Period

by 91 days through and including August 17, 2026; and this Court having jurisdiction to consider

the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this Chapter 11 Case and the

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter

being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper

and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Bankruptcy Rules and the local rules, and that, except as otherwise ordered

herein, no other or further notice is necessary; and objections (if any) to the Motion having been

withdrawn, resolved or overruled on the merits; and upon the record of the hearing and all of the

proceedings had before this Court; and this Court having found and determined that the relief set

forth in this Order is in the best interests of the Debtor and its estate; and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

---

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Solicitation

Period is hereby extended by 91 days through and including August 17, 2026.

3.      The Debtor is authorized and empowered to execute and deliver such documents,

and to take and perform all actions necessary to implement and effectuate the relief granted in this

Order.

4.      This Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or related to the Motion or the implementation of this Order.